MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@bourassalawgroup.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARLO J. WATSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.**<br><br>**JURY DEMANDED** |

<u>**COMPLAINT**</u>

Plaintiff, MARLO J. WATSON (hereinafter referred to as "PLAINTIFF") by and through the undersigned attorney, alleges upon knowledge as to herself and her own acts and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. PLAINTIFF brings this action for actual and statutory damages arising from Defendant's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692 et seq., all of which prohibit debt collectors from engaging in abusive, deceptive, harassing, unfair and illegal practices.

- 1 -

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this District is proper because PLAINTIFF and DEFENDANT reside and do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

4. PLAINTIFF is a natural person who resides in Clark County, State of Nevada.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. Defendant, NCO FINANCIAL SYSTEMS, INC. (hereinafter referred to as "DEFENDANT") is a Pennsylvania corporation.

## STATEMENT OF FACTS

7. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 6 inclusive, above.

8. DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another.

9. DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. DEFENDANT is attempting or has attempted to collect from PLAINTIFF a consumer debt as defined by 15 U.S.C. § 1692a(5).

11. DEFENDANT falsely reported to credit reporting agencies, Equifax and TransUnion, that PLAINTIFF owed an unpaid consumer debt (the "Debt").

12. PLAINTIFF does not owe the Debt.

13. PLAINTIFF is informed and believes that the individual owing the alleged Debt is a "Marla Watson," and not the PLAINTIFF herein.

14. DEFENDANT'S act of reporting the Debt to a credit-reporting agency is an attempt to collect a consumer debt under the FDCPA.

15. By reporting a debt that PLAINTIFF does not owe to a credit-reporting agency, DEFENDANT used false, deceptive and misleading representations and means in connection with the collection of the Debt.

16. DEFENDANT misrepresented the character and legal status of the Debt in DEFENDANT'S attempt to collect the Debt from PLAINTIFF.

17. PLAINTIFF requested validation of the debt from DEFENDANT.

18. DEFENDANT failed to provide PLAINTIFF with a timely validation of debt disclosure.

19. As a result of the acts and omissions of the DEFENDANT, PLAINTIFF has suffered damages, and PLAINTIFF has been forced to hire counsel to prosecute this action and to incur attorney fees and costs.

20. PLAINTIFF is informed and believes and, therefore, alleges that PLAINTIFF may have suffered damages in other ways and to other extents not presently known to PLAINTIFF and not specified herein. PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and to present evidence of the same at the time of trial.

### FIRST CLAIM FOR RELIEF

### FOR VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e

21. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 20 inclusive, above.

22. Section 1692e of the FDCPA states, in pertinent part, that "[a] debt collector may not use false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

23. PLAINTIFF does not owe the Debt.

24. DEFENDANT falsely reported to credit reporting agency, Equifax, that PLAINTIFF owed the Debt.

25. DEFENDANT falsely reported to credit reporting agency, TransUnion, that PLAINTIFF owed the Debt.

26. The act of a debt collector reporting the status of a consumer debt to a credit-reporting agency is an activity that meets the "in connection with a debt" requirement of Section 1692(e). *See Akalwadi v. Risk Mgmt. Alternatives*, Inc., 336 F. Supp. 2d 492, 503 n.4 (D. Md., 2004). *See also, Sullivan v. Equifax*, 2002 U.S. Dist. LEXIS 7884, at 15 (E.D. Pa Apr. 19, 2002); *and Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993).

27. By falsely reporting to credit reporting agencies that PLAINTIFF owed the Debt, DEFENDANT was using false, deceptive, and misleading representations and means in connection with the collection of the Debt in violation of 15 U.S.C. § 1692e.

28. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

29. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

### SECOND CLAIM FOR RELIEF

### FOR VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(2)(A)

30. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 29 inclusive, above.

31. Section 1692e(2)(A) of the FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ***
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt;

15 U.S.C. § 1692e(2)(A).

32. PLAINTIFF does not owe the Debt.

33. DEFENDANT falsely represented the character and legal status of the Debt by representing that PLAINTIFF owed the Debt in violation of 15 U.S.C. § 1692e(2)(A).

34. As a result of the FDCPA violation by DEFENDANT, PLAINTIFF is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

35. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefore.

### THIRD CLAIM FOR RELIEF

### FOR VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692g

36. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 35 inclusive, above.

37. Section 1692g of the FDCPA states in pertinent part:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g.

38.  DEFENDANT failed to provide PLAINTIFF with written notice as required under 15 U.S.C. § 1692g.

39.  As a result of the FDCPA violation by DEFENDANT, PLAINTIFF is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

40.  It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefore.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor and that judgment be entered against DEFENDANT for the following:

(1)  For statutory and actual damages pursuant to 15 U.S.C. § 1692k;

(2)  For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(3)  For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

///

(4)   For any and all other relief this Court may deem appropriate.

DATED this 23rd day of October 2014.

THE BOURASSA LAW GROUP, LLC

/s/ Mark J. Bourassa

MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
8668 Spring Mountain Rd, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
*Attorney for Plaintiff*