# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Marlo J. Watson,

    Plaintiff,

vs.

NCO Financial Systems, Inc.,

    Defendant.

Case No.: 14-cv-1755-JAD-VCF

**Order Denying Without Prejudice Plaintiff's Motion for Attorney Fees [Doc. 11]**

Plaintiff Marlo J. Watson sued Defendant NCO Financial Systems after a Las Vegas valley hospital misidentified her, resulting in Watson's accounts being sent to collections for services she never received. She sought recovery against NCO under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Doc. 1. On December 1, 2014, NCO sent Watson an offer of judgment under Federal Rule of Civil Procedure 68, which Watson accepted on December 12, 2014. Doc. 8. The offer specified that Watson was to receive $1,001.00 compensation to cover all her alleged damages; additionally, her attorneys were also entitled to recover "reasonable costs and reasonable attorney's fees, accrued to the date of this Offer of Judgment, either as agreed to by Defendant and Plaintiff, or, in the event Defendant and Plaintiff cannot agree, as determined by the Court on application by Plaintiff." *Id.* at 5. On December 15, 2014, the Clerk of Court entered a judgment that stated, Watson "shall recover from Defendant, NCO Financial Systems, Inc., judgment in the amount of $1,001.00, per document [8] Notice of Acceptance of Defendant's Offer of Judgment." Doc. 10 at 1. Watson then moved for an award of $6,545 in attorney's fees and $445 in costs;[1] NCO timely responded. Doc. 13. Watson then replied, Doc. 15 and, upon the court's request, Watson submitted

---

[1] Watson also submitted a Bill of Costs, Doc. 12, which NCO does not oppose. Doc. 13 at 1.

more detailed billing records for the court's *in camera* review. *See* Doc. 16.[2]

Determining attorney's fees is a two-step process. First, to assess the reasonableness of fees under the lodestar method, I compute a reasonable fee by multiplying (1) "the number of hours reasonably expended in the litigation" by (2) a "reasonable hourly rate."[3] In the second step, I determine whether the lodestar amount should be increased or reduced in light of the factors first outlined in *Kerr v. Screen Extras Guild, Inc.*[4] not already incorporated into the lodestar calculation.[5] The lodestar should only be modified in exceptional cases.[6]

The parties' dispute in this case boils down to whether the requested fees are reasonable. Docs. 11, 13. To show that hours are reasonable under the lodestar calculation, a movant must "submit evidence supporting the hours worked."[7] "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."[8] Ultimately, "the district court has discretion in determining the amount of a fee award . . . . But [i]t remains important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award."[9]

To support her fee award, Watson originally submitted a December 29, 2014, invoice from the Cooper Law Group, entitled "Marlo J. Watson v. NCO Financial, Equifax, TransUnion and Experian," which invoices $6,545 in legal fees. Doc. 11-2 at 12-14 (Cooper Invoice). Watson also submits a December 29, 2014, invoice from the Bourassa Law Group entitled "Watson v. Desert Springs Hospital," which requests $2,212.50 in fees and $445 in costs. *Id.* at 8-11 (Bourassa Invoice). Watson also submitted an affidavit from Christopher W. Carson, who claims he is one of

---

[2] I find this motion suitable for disposition without oral argument. Nev. L.R. 78-2.

[3] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[4] 526 F.2d 67 (9th Cir. 1975).

[5] *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014).

[6] *City of Burlington v Dague*, 505 U.S. 557, 562 (1992).

[7] *Hensley*, 461 U .S. at 433.

[8] *Id.*

[9] *Carter*, 757 F.3d at 869 (quoting *Hensely*, 461 U.S. at 437-39).

1   Watson's attorneys in this case, and who explains the roles of attorneys Mark J. Bourassa, Trent L.
2   Richards, Hillary Ross, Kim Cooper, and an unnamed paralegal in prosecution of the case.  *See*
3   Doc. 11-2 at 2-5.  Carson affirms that he has reviewed both the Cooper Invoice and the Bourassa
4   Invoice.  *Id.* at 2.  Watson's reply presents another affidavit from Carson, Doc. 15-1, as well as an
5   affidavit from Kimberly J. Cooper, who worked on Watson's case on a contract basis.  Doc. 15-2.

6         Carson's first affidavit does not satisfactorily introduce any of the billing records in question.
7   He claims he is Watson's "attorney of record," but the docket in this case does not reflect this, and
8   none of the billing entries included in either the Cooper Invoice or Bourassa Invoice reflects work he
9   performed.  *Id.* at 2.  And although Carson alludes to the presence of a retainer agreement between
10  the Bourassa Law Group and Watson that might clarify this ambiguity, Carson does not submit it.
11  *See id.*  At best, Carson is a signatory on Watson's motion for attorney's fees.  Doc. 11 at 8.  Given
12  these ambiguities, it is not clear to me why the $2,212.50 in fees attributable to the Bourassa Law
13  Group or the $445 in costs should be awarded.[10]   Neither of the affidavits submitted in Watson's
14  reply assists to clarify why I should award any amounts in the Bourassa Invoice.

15        Watson might have avoided this conundrum if she specified that she sought attorney's fees
16  only for the work which Cooper performed, and may have impliedly conceded this issue by seeking
17  only $6,545 in fees—the exact amount in the Cooper Invoice.  *See* Doc. 11-2 at 14.[11]  But Watson
18  never clarifies this is true, confounding my ability to look to any of the fee requests in the two
19  invoices to determine whether they are reasonable reflections of work performed in the case.
20  Instead of speculating over what fees Watson seeks to actually recover and then determining
21  whether they are reasonable, I deny her motion for attorney's fees and costs without prejudice.
22  Watson may re-file her motion by March 9, 2015, and is strongly encouraged to specify with
23  particularity which fees she is requesting, from which attorneys, and offer evidence of their
24  reasonableness.

---

[10] I leave for another day the question whether the offer of judgment can be fairly read to incorporate attorney's fees incurred against other parties, as the Bourassa Invoice indicates states that Watson's action is against "Desert Springs Hospital."  Doc. 11-2 at 8; *see also* Doc. 15-1 at 1.

[11] Watson claims that his "actual attorney fee bill" totaled 21.5 hours of attorney time and 6.3 hours of paralegal time, amounting to $8,312.50 but he seeks compensation for only $6,545.  *Id.*

**Conclusion**

Accordingly, it is HEREBY ORDERED that Watson's Motion for Attorney's Fees **[Doc. 11] is DENIED WITHOUT PREJUDICE**. Watson may re-file her motion for attorney's fees no later than March 9, 2015, in compliance with the directions specified above.

DATED: February 23, 2015.

_____
Jennifer A. Dorsey
United States District Judge